UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL GOMEZ CASTRILLON,

                Plaintiff,

        v.

BEN-AMUN CO., INC.,

                Defendant.

Docket No.:   1:19-cv-09228-RA-OTW

JURY TRIAL   DEMANDED

---

## **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Ben-Amun Co., Inc. ("Ben-Amun"), hereby submits its Answer to the Complaint of Daniel Gomez Castrillon ("Castrillon") and Counterclaims, as follows:

### **NATURE OF THE ACTION**

1. Defendant admits the allegations of Paragraph 1 of the Plaintiff's Complaint in so far as those allegations are a characterization of Plaintiff's action, but denies any other factual or legal assertions included or implicit in Paragraph 1 of the Complaint.

### **JURISDICTION AND VENUE**

2. Defendant admits Plaintiff's characterization of the claim in ¶ 2 of the Complaint.

3. Defendant admits the allegations in ¶ 3 of the Complaint.

4. Defendant admits the allegations in ¶ 4 of the Complaint.

### **PARTIES**

5. Defendant admits the allegations in ¶ 5 of the Complaint.

6. Defendant admits the allegations in ¶ 6 of the Complaint.

**PLAINTIFF'S STATEMENT OF FACTS**

7.      Defendant lacks information sufficient to admit or deny the allegations of ¶ 7 of the Complaint.

8.      Defendant lacks information sufficient to admit or deny the allegations of ¶ 8 of the Complaint, except that Defendant denies the allegations of ¶ 8 to the extent that such allegations presume a valid or unitary copyright.

9.      Defendant lacks information sufficient to admit or deny the allegations of ¶ 9 of the Complaint, except that Defendant denies the allegations of ¶ 9 to the extent that it presumes the validity of the described copyright registration.

10.    Defendant denies the allegations of ¶ 10 of the Complaint.

11.    Defendant denies the allegations of ¶ 11 of the Complaint.

**PLAINTIFF'S CLAIM FOR RELIEF**

12.    Defendant incorporates by reference the responses to the allegations in ¶¶ 1-11 above.

13.    Defendant denies the allegations of ¶ 13 of the Complaint.

14.    Defendant denies the allegations of ¶ 14 of the Complaint.

15.    Defendant denies the allegations of ¶ 15 of the Complaint.

16.    Defendant denies the allegations of ¶ 16 of the Complaint.

17.    Defendant denies the allegations of ¶ 17 of the Complaint.

18.    Defendant denies the allegations of ¶ 18 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses without assuming any burden of production or proof that would not otherwise fall on Defendant.  Defendant further expressly reserves the right to assert additional defenses should any such additional defenses be revealed in the course of further proceedings.

### **First Affirmative Defense**

Plaintiff's claims are barred because the alleged copyrights are invalid or unenforceable, either wholly or with respect to a critical part or portion.

### **Second Affirmative Defense**

Plaintiff's claims are barred because Plaintiff's copyright registrations are invalid.

### **Third Affirmative Defense**

Any use by Defendant of the Photographs was a *de minimus* use.

### **Fourth Affirmative Defense**

Any damages caused by the use of the Photographs were *de minimus.*

### **Fifth Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, and estoppel.

### **Sixth Affirmative Defense**

Plaintiff's claims are barred by Plaintiff's own unclean hands.

### **Seventh Affirmative Defense**

Defendant's use of the Photographs was fair use.

### **Eighth Affirmative Defense**

Plaintiff acquiesced or consented to Defendant's use of the Photographs.

### Ninth Affirmative Defense

Plaintiffs have failed to join indispensable parties.

### Tenth Affirmative Defense

Defendant's conduct was innocent and not a willful infringement of copyright.

## COUNTERCLAIMS

**Nature of the Action, Parties:**

19.    Defendant's counterclaim is also a claim for copyright infringement, arising out of Castrillon's unauthorized reproduction and public display of two items of jewelry subject to copyright ownership of Ben-Amun.

20.    Ben-Amun is a fashion jewelry design and manufacturing firm, in the business of designing, manufacturing, marketing, and selling original jewelry items.

21.    On information and belief, at all times material hereto, Castrillon has owned and operated a website at the URL: [www.danielgcastrillon.com] (the "Castrillon Website").

**Statement of Facts:**

22.    Ben-Amun, as the employer in a work-for-hire situation, designed and first published the earring designated [2009-23115 ear] (the "Square-hoop earring") in 2009.  A picture of the Square-hoop earring is attached hereto as a part of Exhibit 1.

23.    Ben-Amun designed and first published the earring designated [2015-15110 ear] (the "Helen-chandelier earring") in 2015.  A picture of the Helen-chandelier earring is attached hereto as a part of Exhibit 1.

24.    At all times, Ben-Amun has been the sole owner of all right, title, and interest in the Square-hoop earring and the Helen-chandelier earring (together, the "Earrings"), including the copyright thereto.

**Castrillon's Infringing Activities:**

25.    At some time on or around June 27, 2019, Castrillon took certain photographs of one Josephine Langford, (the "Photographs" as defined by Plaintiff).  The Photographs prominently featured the Earrings.

26.    At some time thereafter, Castrillon posted the Photographs on the Castrillon Website, both posting them in a gallery and making them available individually on their own pages.  Screenshots of the Earrings (included in the Photographs) are attached hereto as Exhibit 2.

27.    Castrillon did not license the Earrings from Ben-Amun for use in the context of his own website, nor did he have Ben-Amun's permission or consent to publish photographs of the Earrings on the Castrillon Website.

**Castrillon's Invalid Copyright:**

28.    Each of the Photographs incorporate the Earrings.

29.    The Earrings were created by Ben-Amun before the Photographs were created.

30.    Each of the Photographs incorporate pre-existing work created by Ben-Amun.

31.    At some time on or after June 27, Castrillon applied for a copyright registrations for each of the Photographs.

32.    In the process of applying for the registrations, Castrillon was required to identify any pre-existing work or works incorporated into each of the Photographs.

33.    In the process of applying for the registrations, Castrillon was required to identify the author of any pre-existing work or works incorporated into each of the Photographs.

34.    On information and belief, in the applications by Castrillon for registration of the Photographs, Castrillon did not disclose or identify to the Copyright Office the pre-existing works incorporated into the Photographs, to wit: the Earrings.

35.    On information and belief, in the applications by Castrillon for registration of the Photographs, Castrillon did not disclose or identify to the Copyright Office the identity of the author of the pre-existing works incorporated into the Photographs, to wit: the Earrings.

36.    The application for copyright registration makes clear and explicit the obligation of an applicant for copyright registration to disclose or identify the pre-existing work incorporated into the Photographs, as well as the obligation to identify the author of same.

37.    On information and belief, in the applications by Castrillon for registration of the Photographs, Castrillon did not disclose to the Copyright Office the fact that the Photographs are derivative works based in part on the Earrings.

38.    On information and belief, the various omissions described herein were not accidental, nor were they oversights.  Castrillon's intent at the time of filing the applications was to claim sole and exclusive ownership of any copyright in the Photographs.

39.    Castrillon's intent is currently to claim sole and exclusive ownership of any copyright in the Photographs.

40.    Castrillon now seeks to enforce his claimed copyright in the Photographs against Ben-Amun, which is harmful or prejudicial to Ben-Amun.

**Castrillon's Fraud on the Copyright Office:**

41.    On information and belief, the applications for copyright registration of the Photographs was directed to Castrillon's <u>exclusive</u> enforcement of claimed copyrights in the Photographs.

42.    Castrillon omitted the information identifying Ben-Amun with the intention to claim rights in the Photographs excluding, *inter alia,* Ben-Amun.

43.    Castrillon misrepresented necessary information to the Copyright Office in the applications for copyright registration of the Photographs.

44.    Castrillon's misrepresentations were directed to mislead the Copyright Office so that the registration would issue without mentioning Ben-Amun.


## FIRST CLAIM – Copyright Infringement by Plaintiff Castrillon

45.    Defendant Ben-Amun incorporates by reference each and every allegation contained in ¶¶ 19-44 above.

46.    Ben-Amun is the owner of valid copyright interests in the Earrings.

47.    Plaintiff Castrillon reproduced and publicly displayed the Earrings on the Castrillon Website, without license or authorization for any such use.

48.    Plaintiff Castrillon created a non-transformative derivative work based on the Earrings, without license or authorization for such use.

49.    By such acts, Castrillon infringed Ben-Amun's copyright in the Earrings.

50.    Castrillon's infringement was willful, intentional, and purposeful, in disregard of and with indifference to Ben-Amun's rights.

51.    Ben-Amun has been harmed as a direct and proximate cause of Castrillon's infringement of Ben-Amun's copyright.

52.    Ben-Amun is entitled to damages thereby.

## SECOND CLAIM – INVALIDITY OF COPYRIGHT

53.    Defendant Ben-Amun incorporates by reference each and every allegation contained in ¶¶ 19-44 above.

54.    Each of the Photographs incorporate pre-existing work created by Ben-Amun.

55.    Castrillon knowingly or intentionally failed to disclose to the Copyright Office the pre-existing works incorporated into the Photographs in Castrillon's application for registration of the Photographs.

56.    Castrillon knowingly or intentionally failed to identify to the Copyright Office the author of the pre-existing works incorporated into the Photographs in Castrillon's application for registration of the Photographs.

57.    Ben-Amun has been harmed or prejudiced by Castrillon's failure to make the necessary disclosures or identifications.

58.    The copyright Castrillon claims in the Photographs is invalid and unenforceable.

## THIRD CLAIM – FRAUDULENT REGISTRATION

59.    Defendant Ben-Amun incorporates by reference each and every allegation contained in ¶¶ 19-44 above.

60.    The existence of a pre-existing work incorporated into a work for which a copyright registration is applied is a fact both relevant and material to the grant by the Copyright Office of a copyright registration.

61.    The identity of the author of a pre-existing work incorporated into a work for which a copyright registration is applied is a fact both relevant and material to the grant by the Copyright Office of a copyright registration.

62.    The fact that the work for which a copyright registration is applied is a derivative work is a fact both relevant and material to the grant by the Copyright Office of a copyright registration.

63.    Castrillon knowingly made false representations of multiple material facts in a copyright application.

64.    The copyright registration applications by Castrillon contained material inaccuracies.

65.    Castrillon included those material inaccuracies intending to conceal the relevant information.

66.    Castrillon was aware that the representations were false when they were made.

67.    Castrillon's misrepresentations were made with the intention of misleading the Copyright Office into granting Castrillon an inaccurate copyright registration with respect to the Photographs.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.  With respect to Plaintiff's Prayer for Relief, Ben-Amun respectfully prays for judgment as follows:

(a)   That Defendant Ben-Amun be adjudged to have not infringed upon Plaintiff's copyrights in the Photographs, or if to have done so, then that such infringement was *de minimus* and insufficient for relief;

(b)   That Plaintiff take nothing by way of its Complaint;

(c)   That the Complaint and all of Plaintiff's claims for relief therein be dismissed with prejudice; and

(d)   That Defendant be awarded its costs of suit incurred herein, including attorneys' fees and expenses.

FURTHER, Defendant Ben-Amun *qua* Counterclaim-Plaintiff prays for judgment as follows:

(e)   That Plaintiff (Counterclaim-Defendant) Castrillon be adjudged to have infringed upon Ben-Amun's copyrights in the Jewelry in violation of statute;

(f)   That Ben-Amun be awarded either (1) Ben-Amun's actual damages and Castrillon's profits, gains, or advantages of any kind attributable to Castrillon's infringement of Ben-Amun's Jewelry or (2) statutory damages as authorized by statute;

(g)   That Castrillon be required to account for all profits, income, receipts or other benefits derived by him as a result of his unlawful conduct;

(h)   That the Court declare Castrillon's copyrights in the Photographs invalid and unenforceable;

(i)   That the Court declare Castrillon's applications for copyright registration of the Photographs fraudulent as that term is used by relevant statute and regulation;

(j)    That Ben-Amun be awarded its costs, expenses, and attorney's fees incurred as

authorized by statute or as otherwise permitted in the Court's discretion.

(k)    That Ben-Amun be awarded pre-judgment interest; and

(l)    Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Ben-Amun hereby demands a trial by jury on the counter-claim issues so triable.


Dated:    <u>November 20, 2019</u>                    Respectfully Submitted,

/s/Ben D Manevitz/

Ben D. Manevitz
Manevitz Law Firm, LLC
Attorney for Defendant
25 Main Street, Suite 104
Hackensack, NJ  07601-7032
ben@manevitzlaw.com
tel: (973) 594 - 6529
fax: (973) 689 - 9529

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL GOMEZ CASTRILLON,

                Plaintiff,

       v.

BEN-AMUN CO., INC.,

              Defendant.

Docket No.:   1:19-cv-09228-RA-OTW

JURY TRIAL   DEMANDED

## <u>**AFFIDAVIT OF SERVICE**</u>

I hereby certify that a true and complete copy of the foregoing Defendant's ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was filed using the Court's CM/ECF system, which will send electronic notice of same to all counsel of record.  In addition, an additional copy of the document was served on Plaintiff by email to Plaintiff's counsel.

Dated:   <u>November 20, 2019</u>

Respectfully Submitted,

/s/Ben D Manevitz/

_____
Ben D. Manevitz
Manevitz Law Firm, LLC
Attorney for Defendant
25 Main Street, Suite 104
Hackensack, NJ  07601-7032
ben@manevitzlaw.com
tel: (973) 594 - 6529
fax: (973) 689 - 9529