UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL GOMEZ CASTRILLON<br><br>Plaintiff,<br><br>- against -<br><br><br>BEN-AMUN CO., INC.   Defendant. | Docket No. 1:19-cv-09228-RA-OTW<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff Daniel Gomez Castrillon ("Plaintiff" or "Castrillon"), via counsel, hereby submits the following answer to the counterclaims asserted by Defendant Ben-Amun Co., Inc. ("Defendant").

**Counterclaims**

19. Admits that Defendant has asserted a counterclaim for copyright infringement based on a jewelry design and avers that such counterclaim is frivolous.

20. Admits.

21. Admits.

22. Plaintiff lacks knowledge or information to form a belief as to the truth of this allegation and therefore denies.

23. Plaintiff lacks knowledge or information to form a belief as to the truth of this allegation and therefore denies.

24. Plaintiff lacks knowledge or information to form a belief as to the truth of this allegation and therefore denies.

25. Admits.

26. Admits.

27. Admits and avers that Plaintiff did not need permission nor a license from the alleged copyright holder of the jewelry designs depicted as fashion accessories in the Photographs.

28. Denies and avers that each of the Photographs contains a depiction of the Earrings as fashion accessories modeled by a celebrity.

29. Admits.

30. Denies on grounds that this allegation calls for a legal conclusion.

31. Admits.

32. Denies on grounds that this allegation calls for a legal conclusion.

33. Denies on grounds that this allegation calls for a legal conclusion.

34. Denies on grounds that this allegation calls for a legal conclusion.

35. Denies on grounds that this allegation calls for a legal conclusion.

36. Denies on grounds that this allegation calls for a legal conclusion.

37. Denies on grounds that this allegation calls for a legal conclusion.

38. Denies on grounds that this allegation calls for a legal conclusion, but admits that Castrillon's intent at the time of filing the applications was to claim sole and exclusive ownership of any copyright in the Photographs.

39. Admits.

40. Admits Castrillon now seeks to enforce his claimed copyright in the Photographs against Ben-Amun and avers that Ben-Amun caused harm and prejudice to itself by violating federal law.

41. Admits.

42. Admits that Plaintiff sought to claim sole and exclusive copyrights to his Photographs, but denies the remainder of this allegation on grounds that this allegation calls for a legal

conclusion.

43. Denies.

44. Denies.

**First Claim**

45. Denies.

46. Plaintiff lacks knowledge or information to form a belief as to the truth of this allegation and therefore denies.

47. Denies and avers that the Earrings were depicted in Photographs exclusively owned and authored by Plaintiff.

48. Denies on grounds that this allegation calls for a legal conclusion.

49. Denies.

50. Denies.

51. Denies.

52. Denies.

**Second Claim**

53. Denies

54. Denies on grounds that this allegation calls for a legal conclusion.

55. Denies.

56. Denies.

57. Denies

58. Denies.

**Third Claim**

59. Denies.

60. Denies on grounds that this allegation calls for a legal conclusion.

61. Denies on grounds that this allegation calls for a legal conclusion.

62. Denies on grounds that this allegation calls for a legal conclusion.

63. Denies.

64. Denies.

65. Denies.

66. Denies.

67. Denies.

**Prayer For Relief**

Plaintiff denies that Defendant is entitled to any relief on its counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**(Failure to State a Claim)**

(a) Because a photographer does not need to obtain a license to display his own photographs which depict a celebrity modeling earrings as fashion accessories, Defendant has failed to state a claim for which relief may be granted on its first counterclaim.

(b) Because a photographer does not need to identify the jewelry designs modeled as fashion accessories in his photographs as "pre-existing works" when registering copyrights to his own photographs, Defendant has failed to state a claim for which relief may be granted on its second and third counterclaims.

### Second Affirmative Defense

**(Lack of Standing/Invalidity of Alleged Copyright)**

With respect to its first counterclaim, Defendant has failed to identify any copyright registration certificates applicable to the Earrings and therefore lacks standing to sue for copyright infringement as a matter of law.

### Third Affirmative Defense

### (License/Consent)

By providing the Earrings to the art director who organized the photoshoot and/or the celebrity model depicted in Plaintiff's Photographs, Defendant consented to the Earrings being photographed as fashion accessories and thereby granted Plaintiff a license to display those Photographs on his website.

### Fourth Affirmative Defense

### (Unclean Hands / Estoppel)

Defendant's request for relief on its counterclaims is barred by the doctrine of unclean hands and/or equitable estoppel.

### Fifth Affirmative Defense

### (Validity of Plaintiff's Copyright Registration)

Defendant has complied with all legal and regulatory requirements attendant to the registration of his Photographs with the U.S. Copyright Office.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury with respect to all of Defendant's counterclaims under FRCP 38.

Dated: December 11, 2019
       Valley Stream, NY

LIEBOWITZ LAW FIRM, PLLC

**/s/richardliebowitz/**
Richard Liebowitz, Esq.

11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*