USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL GOMEZ CASTRILLON,

        Plaintiff,

v.

BEN-AMUN CO., INC.,

        Defendant.

Docket No.: 1:19-cv-09228-RA-OTW

(~~PROPOSED~~)

## ORDER RE CONFIDENTIALITY OF DISCOVERY

Information disclosed by any party or non-party witness during this proceeding may be considered (1) Confidential or (2) Confidential – For Attorneys' Eyes Only (trade secret/commercially sensitive) by a party or witness. To preserve the confidentiality of the information so disclosed, the parties are hereby bound by the terms of this Order.

As used in this Order, the term "information" covers documentary material, electronically stored information ("ESI"), testimony,[1] and any other information provided during the course of this proceeding.

This Order shall govern any information produced in this proceeding and designated pursuant to this Order, including all designated discovery depositions, all designated testimony depositions and declarations and affidavits, all designated deposition exhibits and testimony exhibits, interrogatory answers, admissions, documents and other discovery and testimony materials, whether produced informally, as part of mandatory disclosures, or in

response to interrogatories, requests for admissions, requests for production of documents or other methods of discovery.

This Order shall also govern any designated information produced or provided in this proceeding pursuant to required disclosures under any applicable Rule and any supplementary disclosures thereto.

This Order shall apply to the parties and to any nonparty from whom discovery or testimony may be sought in connection with this proceeding and who desires the protection of this Order.

## TERMS OF ORDER

### 1) Classes of Protected Information.

A party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by employing one of the following designations:

**Confidential:** Material to be shielded from public access.

**Confidential – Attorneys' Eyes Only (Trade Secret/Commercially Sensitive):** Material to be shielded from public access, restricted from any access by the parties, and available for review by outside counsel for the parties and, subject to the provisions of paragraphs 4 and 5, by independent experts or consultants for the parties. Such material may include the following types of information: (1) sensitive technical information, including current research, development and manufacturing information; (2) sensitive business information, including highly sensitive financial or marketing information; (3) competitive technical information, including technical analyses or comparisons of competitor's products or services; (4) competitive business information, including non-

public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans; (5) personal health or medical information; (6) an individual's personal credit, banking or other financial information; or (7) any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing party reasonably and in good faith believes would likely cause harm.

**2) Information Not to Be Designated as Protected.**

Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

**3) Access to Protected Information.**

The provisions of this Order regarding access to protected information are subject to modification by written agreement of the parties or their attorneys and approved by the Court.

The Court (including any employees or agents thereof) is bound to honor the parties' designations of information as protected, except as otherwise required by law, but is not

required to sign forms acknowledging the terms and existence of this Order. Court reporters, stenographers, video technicians or others who may be employed by the parties or their attorneys to perform services incidental to this proceeding will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of paragraph 4.

- **Parties** are defined as including individuals, officers of corporations, partners of partnerships, members of limited liability companies/corporations, and management employees of any type of business organization.
- **Attorneys** for parties are defined as including in-house counsel and outside counsel, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.
- **Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not current or former employees, officers, members, directors, or partners of any party, affiliates of any party, or the attorneys of any party or its affiliates, or competitors to any party, or employees or consultants of such competitors with respect to the subject matter of the proceeding.
- **Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness

Parties and their attorneys shall have access to information designated as confidential, subject to any agreed exceptions.

Outside counsel, but not in-house counsel, shall have access to information designated as Confidential – Attorneys' Eyes Only (trade secret/commercially sensitive).

Independent experts or consultants, non-party witnesses, and any other individual not otherwise specifically covered by the terms of this order may be afforded access to confidential information in accordance with the terms that follow in paragraph 4. Further, independent experts or consultants may have access to Confidential – Attorneys' Eyes Only (trade secret/commercially sensitive) information if such access is agreed to by the parties or ordered by the Court, in accordance with the terms that follow in paragraphs 4 and 5.

**4) Disclosure to Any Individual.**

Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this Order, the individual shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that the order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the individual. A form for such certification is attached to this Order. See Exhibit A. The party or attorney receiving the completed form shall retain the original.

**5) Disclosure to Independent Experts or Consultants.**

In addition to meeting the requirements of paragraph 4, any party or attorney proposing to share disclosed information with an independent expert or consultant must also notify the party who designated the information as protected. Notification must be personally served or forwarded by certified mail, return receipt requested, or by email, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant.

The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert or independent consultant. If objection is made, then the parties must negotiate the issue in good faith before raising the issue before the Court. If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

**6) Responses to Written Discovery.**

Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36 (whether in a paper or electronic form) and which the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform

the Court only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 12.

### 7) Production of Documents.

If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, including ESI, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from paragraph 1. If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected during the course of inspection. After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation from paragraph 1.

### 8) Depositions.

Protected documents produced during an oral discovery deposition or a discovery deposition upon written questions, or offered into evidence during an oral testimony deposition, a testimony deposition upon written questions, or testimony submitted by affidavit or declaration, shall be noted appropriately as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

During discussion of any non-documentary protected information, the interested party shall make oral note on the record of the protected nature of the information.

The transcript of any deposition (whether for discovery or testimony purposes) and all exhibits or attachments shall be considered protected for 30 days following the date of service of the transcript by the party that took the deposition. During that 30-day period, either party may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from paragraph 1. Appropriate stampings or markings should be made during this time, if not already done so. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**9) Filing Notices of Reliance.**

When a party or its attorney files a notice of reliance during the party's testimony period, the party or attorney is bound to honor designations made by the adverse party or attorney, or non-party witness, who disclosed the information, so as to maintain the protected status of the information.

**10) Briefs.**

*[Handwritten annotation: The parties shall comply with Rules 5 A of the (civ) Rules of Individual and Practice in civil cases]*

When filing briefs, memoranda, affidavits and/or declarations in support of a motion, or briefs at final hearing, the portions of these filings that discuss protected information, whether information of the filing party, or any adverse party, or any non-party witness, should be redacted. The rule of reasonableness for redaction is discussed in paragraph 12 of this Order.

**11) Handling of Protected Information.**

Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this Court proceeding. The recipient of any protected

information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using, disseminating, retaining, returning, and destroying the information.

**12) Redaction; Filing Material with the Court.**

When a party or attorney must file protected information with the Court, or a motion or final brief that discusses such information, the protected information or portion of the motion/brief discussing the same should be redacted from the remainder. A rule of reasonableness should dictate how redaction is effected.

Redaction can entail merely covering or omitting a portion of a page of material when it is copied or printed in anticipation of filing but can also entail the more extreme measure of simply filing the entire page under seal as one that contains primarily confidential material. If only a sentence or short paragraph of a page of material is confidential, covering that material when the page is copied, or omitting the material, would be appropriate.

In contrast, if most of the material on the page is confidential, then filing the entire page under seal would be more reasonable, even if some small quantity of non-confidential material is then withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential material be effected when only some small number of pages contain such material. In contrast, if almost every page of the document contains some confidential material, it may be more reasonable to simply submit the entire document under seal. Occasions when a whole document or motion/brief must be submitted under seal should be very rare.

*The parties shall [comply] with Rule 5A [individual] of the Court's [Rules of Practice] in [General Civil Cases]* [handwritten annotation]

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the Court under seal or redacted in compliance with the relevant Rules and in a manner directed to furthering the purpose and intent of this Order.

**13) Acceptance of Information; Inadvertent Disclosure.**

Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error. In the event a party inadvertently files a document containing protected information, such party should immediately inform the Court and the Court will mark such document as confidential and will require the party to resubmit a redacted, publicly available copy of such document.

If, through inadvertence, a producing party provides any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" discovery material during a Court proceeding without marking the information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the producing party may subsequently inform the receiving party in writing of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof.  A party objecting to any such "CONFIDENTIAL" or "ATTORNEYS'

EYES ONLY" designation shall follow the procedures set forth in paragraph 14 below. Prior disclosure of material later designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a violation of this Order.

If a disclosing party through inadvertence produces or provides discovery material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the discovery material is deemed privileged and that return of the material is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the material of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party.

### 14) Challenges to Designations of Information as Protected.

If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the Court seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time. The party designating information as protected will, when its designation is

timely challenged, bear the ultimate burden of proving that the information should be protected.

## 15) Consequences of Unchallenged Overdesigations.

In the event the Court determines that a party has improperly overdesignated information as protected, and a party has not contested the overdesignation, the Court, on its own initiative, may (1) disregard the overdesignation for those matters which are improperly designated; (2) issue an order to show cause why the submission should not be made open to public view; (3) require a party to reduce redactions by redesignating as non-confidential the overdesignated information and resubmit a properly designated redacted copy for public view; or (4) not consider the improperly designated matter in rendering its decision. In the case of an order to show cause, or request for resubmission of a filing with proper redaction (i.e., proper designation of confidential matter for public access), if no response is received, the Court will redesignate the confidentially filed material as non-confidential and make it available for public view.

## 16) Handling of Materials after Termination.

The parties may agree that archival copies of evidence, memoranda, discovery deposition transcripts, testimony deposition transcripts, affidavits, declarations, and briefs may be retained solely by outside counsel, subject to compliance with agreed safeguards. Otherwise, within 30 days after the final termination of this proceeding, each party and their attorneys, as well as any other persons subject to the terms of this agreement, shall return to each disclosing party (1) all materials and documents, including ESI, containing protected information, (2) all copies, summaries, and abstracts thereof, and (3) all other materials,

memoranda or documents embodying data concerning said material, including all copies provided pursuant to paragraphs 4 and 5 of this Order. In the alternative, the disclosing party or its attorney may make a written request that such materials be destroyed rather than returned. Additionally, parties to this agreement are precluded from disclosing orally or in writing any protected information provided during the course of a proceeding once this proceeding is terminated.

**17) Other Rights of the Parties and Attorneys.**

This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

SO ORDERED

_____
Hon. Ronnie Abrams
3/5/2020